# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIGO FREEMANVIBE, *et. al,* ) | 1:12-cv-1727 LJO BAM |
| ) | |
| Plaintiff, ) | |
| ) | **FINDINGS AND RECOMMENDATIONS** |
| v. ) | **DENYING APPLICATION TO PROCEED** |
| ) | **IN FORMA PAUPERIS WITHOUT** |
| VALLEY ARTS and SCIENCE ACADEMY, ) | **PREJUDICE AND TO SUBMIT A** |
| *et. al*, ) | **COMPLETED APPLICATION TO** |
| ) | **PROCEED IN FORMA PAUPERIS OR** |
| Defendants. ) | **PAY FILING FEE WITHIN 30 DAYS** |
| ) | |

Plaintiff Indigo Freemanvibe is proceeding pro se in this civil action, having filed a complaint on October 19, 2012. (Doc. 1). That same date, she submitted an application to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915. (Doc. 3). For the reasons discussed below, this Court recommends that Plaintiff's application should be DENIED.

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating he or she is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). When reviewing a motion filed pursuant to § 1915(a), the court examines whether the

1

statements in the affidavit satisfy the requirement of poverty.  *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir.2004). While § 1915(a) does not require a litigant to demonstrate absolute destitution, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).  Motions to proceed in forma pauperis are addressed to the sound discretion of the District Court. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981), *cert. denied*, 455 U.S. 958 (1982).  Where the moving party fails to establish poverty, it is within the discretion of the court to deny the motion to proceed in forma pauperis. *Id.*

A review of the application reveals that Plaintiff failed to submit a completed form.  Specifically, Plaintiff did not provide information regarding the amount of money that she has in cash, or in a checking or savings account.  Moreover, Plaintiff indicates that she is self-employed, has received disability benefits, and income from gifts and inheritances, but she did not provide information regarding the amount of money she has received.  As a result, this Court is unable to fully consider Plaintiff's assets and eligibility to proceed without prepayment of fees. Therefore, Plaintiff's application should be **DENIED WITHOUT PREJUDICE.**

Accordingly, **IT IS HEREBY RECOMMENDED** that:

Within thirty (30) days of the date of service of this order, Plaintiff shall complete and submit the attached application to proceed in forma pauperis, fully completed and signed, or in the alternative, pay the $350.00 filing fee for this action. **No requests for extension will be granted without a showing of good cause**.  **Failure to comply with this order will result in a recommendation that this action be dismissed.**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge

1  will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United
2  States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d
4  1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:   October 26, 2012               /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE

3