# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIGO FREEMANVIBE, *et. al,* ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VALLEY ARTS and SCIENCE ACADEMY, ) <br> *et. al*, ) <br> ) <br> Defendants. ) <br> ) | 1:12-cv-1727 LJO BAM <br><br> **ORDER DISMISSING PLAINTIFFS' COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND** <br><br> **(Doc. 1)** |

## I.  INTRODUCTION

Plaintiffs Indigo Freemanvibe and J.F., a minor child ("Plaintiffs"), are proceeding pro se in this civil action, having filed a complaint on October 19, 2012. (Doc. 1). On November 13, 2012, Plaintiffs paid the $350.00 filing fee. (Receipt No. CAE100020627). Plaintiffs were advised that though they paid the filing fee, the Court is required to screen complaints of pro se litigants pursuant to Title 28 of the United States Code section 1915A(a). Plaintiffs were informed that the Court must dismiss a complaint or portion thereof if the litigant has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant(s) who is immune from such relief. 28 U.S.C. § 1915A(b)(1)&(2). For the reasons set forth below, Plaintiffs' complaint (Doc. 1) is DISMISSED without prejudice and Plaintiffs are

granted leave to amend.

## II.  BACKGROUND

At the outset, the Court notes that in reviewing Plaintiffs' complaint it is very difficult to discern what precise claims Plaintiffs actually wishes to raise, and which factual allegations support those claims. However, generally, Plaintiffs appear to assert that social workers, various agencies, attorneys, judges, and municipalities all conspired to deprive Plaintiff Indigo Freeman of her custodial and familial rights. Plaintiffs pray for an "order requiring the immediate return of Plaintiffs' seven minor children to the full and legal custody of the Plaintiffs' parents" and compensation in an amount exceeding $20,000,000.00 and any additional compensation the Court deems "just and equitable." (Doc. 1, p. 61).

## III.  DISCUSSION

### A.  Legal Standard for Screening

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v.*

*Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  *Lopez v. Smith,* 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation.  *Id*.  A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  *Id*.

**B.     Plaintiff's Complaint**

Although not entirely clear, Plaintiffs' complaint appears to allege constitutional violations that arose from the taking of her minor child J.F. and other unnamed children on an unspecified date prior to October 19, 2011.  Plaintiffs name sixty-eight defendants including: individual social workers from the Fresno County Department of Social Services, Fresno County Department of Children and Family Services, Valley Arts and Sciences, Youth Links, Fresno County Mental Health Services, Patient Advocates, Fresno County Guardian ad Litem Program, Cultural Brokers, CASA of Fresno, Fresno County Child Support, Fresno County Superior Court Administrative Office of the Courts, Fresno County Superior Court Judge, Fresno County District Court Judge, Fresno County Juvenile Court Judges, Court Appointed Attorney Karen Bantinque, Court Appointed Attorney Sam Kyllo, Court Appointed Attorney Brent Woodward, Assistant County Attorney Alicia Cobbs, Fresno County Public Defender Carmen Romero, Child Welfare Ombudsman, Fresno County Board of Supervisors, Fresno Police Department, Officer John Pinedo, Unidentified Associates of George Arnold Meyers, III, George Arnold Meyers, III aka Jorge, Foster Parent Pamela Hollins-O'Neal, Aunt Kiki, Savannah House, Professional Counselor Laurie Anderson, Mason Center, County Supervisor Assistant Patricia Pinedo ("Defendants").  (Doc. 1, 3-22).  Plaintiffs indicate that all Defendants are sued in their official and individual capacities.

Plaintiffs allege seven causes of action including: (1) violations of the Fourth and Fourteenth Amendments; (2) Tortious Interference with Custodial Rights; (3) Fraud; (4) Breach of Duty of Good Faith and Fair Dealing; (5) Breach of Lawful Duty (Negligence); (6) Breach of Written, Oral and Implied Contract; and (7) Common Law Conspiracy under California Law. (Compl. p. 50-60).

3

In 63 single-spaced pages, Plaintiffs generally complain that while J.F. has been in protective custody, all named Defendants conspired to and intentionally and willfully violated Plaintiffs' fundamental constitutional rights by communicating with state actors in an effort to persuade said persons and entities that Plaintiffs were not fit custodians of their minor children. (Doc. 1).

**C.     Failure to Satisfy Federal Rule of Civil Procedure 8**

As a threshold, Plaintiffs' complaint fails to satisfy Federal Rule of Civil Procedure 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id*. at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Dep't of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Id.* at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The United States Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80

> (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3.

Plaintiffs' complaint lacks specific, clearly defined allegations and fails to give Defendants fair notice of the claims against them. The few factual allegations contained in Plaintiffs' complaint are buried in pages of mostly nonsensical legal jargon and it is therefore difficult to extract relevant facts and legal arguments. Accordingly, the Court finds the allegations in Plaintiffs' complaint so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. This is critical as Plaintiffs' complaint attempts to hold liable agents, supervisors, social workers, judges, district attorneys, and local municipalities whose actions may be generally protected by certain immunities.

Overall, the Court emphasizes that the initial problem with Plaintiffs' complaint is not one of length; it is a problem of clarity and organization. To remedy the problems in their complaint, Plaintiffs should clearly identify the claims that they wish to pursue. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs must allege with at least some degree of particularity overt acts which Defendants engaged in that support Plaintiffs' identified legal claims. *Id.* The Court will thus dismiss Plaintiffs' complaint at this time and provide Plaintiffs with an opportunity to file a first amended complaint that contains a "short and plain statement" of each claim showing entitlement to relief.

Further, in the sections that follow, the Court will provide Plaintiffs with the legal standards applicable to claims Plaintiffs assert against the named defendants. Plaintiff should carefully review the standards and amend only those claims that they believe, in good faith, are cognizable.

**D.    Section 1983 Deficiencies**

Plaintiffs seek to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section

1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> 42 U.S.C. § 1983.

To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### 1.  Social Workers

Without linking Defendants to any specific conduct Plaintiff alleges that Defendant social workers Tracey Morales, Denise Espinoza, Tiffany Murphy Deaver, Monica Joy Henry, Sharon Schaefer, and Rande Wood acted in concert with local officials to effect the deprivation of Plaintiffs' rights.

It is established that child services workers with responsibility for initiating dependency proceedings are social workers who are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings. *Costanich v. Dept. of Social and Health Servs.*, 627 F.3d 1101, 1115 (9th Cir. 2010).

The United States Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993). This immunity extends to individuals performing functions that are "critical to the judicial process itself." *Miller v. Gammie*, 335 F.3d 889, 896 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutors are absolutely immune in "initiating a prosecution and in presenting the State's case." *Id.* at 895-96 (quoting *Imbler*, 424 U.S. at 431). Accordingly, "social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." *Meyers v. Contra Costa County Dep't of Social Servs.*, 812 F.2d 1154, 1157 (9th Cir.

1987). In making this determination, the Supreme Court evaluates the "nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269; *see also Miller*, 335 F.3d at 898.

Absolute immunity could extend to the initiation of dependency proceedings to make a child a dependent of the state. *See Miller*, 335 F.3d at 897-98; *Meyers*, 812 F.2d at 1156-57. There also may be other submissions to the court which are functionally similar to the conduct recognized at common law to be protected by absolute prosecutorial immunity. *See Miller*, 335 F.3d at 897; *Meyers*, 812 F.2d at 1156-57. However, to the extent social workers make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, only qualified, not absolute immunity, is available. *Miller*, 335 F.3d at 898. "Even actions taken with court approval or under a court's direction are not in and of themselves entitled to quasi-judicial, absolute immunity." *Id.* at 897.

Given the generality of Plaintiffs' complaint and the lack of specific details, as alleged, Plaintiffs have not set forth any allegations demonstrating that absolute immunity or qualified immunity should not apply to the social workers named in Plaintiffs' complaint. On amendment, Plaintiffs must remedy this deficiency.

### 2.  Legislative Bodies

Plaintiffs also name Fresno County Board of Supervisor in their complaint. It is well settled that "state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (finding that the defendants were absolutely immune from suit where the alleged unlawful conduct included voting for an ordinance, introducing a budget, and signing an ordinance into law). However, "[a]bsolute immunity applies only when legislators act in their legislative capacities, not in their administrative or executive capacities." *Chateaubriand v. Gaspard*, 97 F.3d 1218, 1220 (9th Cir. 1996). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Kaahumanu v. County of Maui*, 315 F.3d 1215, 1219 (9th Cir. 2003). Again, Plaintiffs' have not set forth any allegations demonstrating that the Fresno County Board of Supervisors should not be barred from suit.

### 3. Judicial Immunity

Plaintiffs name various state judges as defendants including Fresno County Superior Court Judge Brian Arrax, Fresno County District Court Judge Jane Cardoza, Fresno County Juvenile Court Judge Timothy Karns, and Fresno County Juvenile Court Judge Mary Dolas. Compl. p. 14-16.

As it pertains to the monetary damages Plaintiffs seek, "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities[.]" *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). The Ninth Circuit explained: "Judges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Richardson v. Koshiba*, 693 F.2d 911, 913 (9th Cir. 1982)). Thus, the doctrine of judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester*, 484 U.S. at 225 (1988).

Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains. *See Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority"). Accordingly, to the extent that Plaintiff seeks to sue the judges who made the custody decisions of which Plaintiffs complain, Plaintiffs have not set forth any allegations demonstrating that judicial immunity should not apply here.

### 4. Eleventh Amendment Immunity

As to Defendant Fresno County Superior Court, the Court notes that the Eleventh Amendment of the U.S. Constitution renders state entities immune from tort actions for damages. U.S. Const. amend. XI. The Eleventh Amendment also bars suits for injunctive relief where the defendant is the State, itself, as opposed to a state official. *See Seminole Tribe of Florida*, 517 U.S. 44, 58 (1996); *Cory v. White*, 457 U.S. 85, 90-91 (1982). California superior courts, like Defendant

Superior Court, here, have consistently been construed as state entities for purposes of Eleventh Amendment immunity. *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). As alleged, Plaintiffs' claims against the Fresno County Superior Court are barred.

### 5. Supervisor Liability

Plaintiffs have named Katherine Martindale, Anthony Norwood, Howard Himes, Joy Cronin, Monique Park Dixon, Danielle Nieto, and Kathleen Miller based on their roles as supervisors. Supervisory liability may be imposed in an individual capacity only when the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

Plaintiffs' complaint alleges that these supervisors "acted under the authority or color of state law" when "acting in concert with other local officials." Compl. p. 5-8. However, there are no allegations showing how the supervisors were personally involved in the alleged constitutional deprivation or that there is any causal connection between their actions and any resulting deprivation. *Hansen*, 885 F.2d at 645-46. Accordingly, on amendment, Plaintiffs will need to allege facts sufficient to state a claim for supervisory liability against the named supervisors.

### 6. Municipal Liability

Plaintiffs name several local government departments including the Fresno County Department of Social Services, Fresno County Department of Children and Family, Fresno County Mental Health Services, Fresno County Guardian ad Litem Program, Fresno County Child Support, and the Fresno Police Department as defendants. Compl. p. 4-20. A government entity may not be held liable under 42 U.S.C. § 1983 unless a policy, practice, or custom of the entity is shown to be a moving force behind a violation of constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694. In order to establish municipal liability under *Monell*, a plaintiff must prove "(1) that

[the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Id.*; *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Here, Plaintiffs fail to allege any facts suggesting the existence of a policy sufficient to support municipal liability. Absent a showing of some causal connection between the policy and practices of a government unit and Plaintiffs' injury, there is no basis upon which the local entities named in Plaintiffs' complaint can be found liable under section 1983. If Plaintiffs choose to file an amended complaint, Plaintiffs should review the *Monell* standard for municipal liability and determine whether they can allege sufficient truthful facts to state a claim under *Monell* against the local government units.

### 7. Non-State Actors

Next, Plaintiffs attempt to allege constitutional violations under 42 U.S.C. § 1983 against Fresno Court Appointed Attorney Karen Bantinque, Court Appointed Attorney Sam Kyllo, Court Appointed Attorney Brent Woodward, Assistant County Attorney Alicia Cobbs, Fresno County Public Defender Carmen Romero, and various private citizens. As alleged, Plaintiffs cannot maintain a civil rights claim against these defendants because they have not acted under color of state law and they are not federal officials. It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. at 317-324 n.8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d at 1155-1156 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Furthermore, purely private conduct of an entity or individual, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment—the most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Plaintiffs vague complaint does not allege facts sufficient to establish that the above named defendants were acting under color of state law.

### 8. Representation of Children by Plaintiff Indigo Freemanvibe

Finally, the caption of the complaint indicates that Plaintiff Indigo Freemanvibe seeks to represent J.F., a minor child in this action. (Compl. at 4 ¶ 5, 6). The complaint alleges that J.F. is an individual minor child of Indigo Freemanvibe "who has been legally kidnaped and held captive and oppressed against the will of her descent [sic] and loving family and friends." Compl. p. 4.

The Ninth Circuit Court of Appeals has plainly held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *accord Lin v. Ashcroft*, 377 F.3d 1014, 1025 (9th Cir. 2004). The rationale for this rule is a protective one, and the Court of Appeals has stated that where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Johns*, 114 F.3d at 877 (citation and internal quotation marks omitted).

Accordingly, in the amended complaint, Plaintiff Indigo Freemanvibe may not represent J.F. without retaining a lawyer to represent her child in this action. The Court will grant Plaintiff Indigo Freemanvibe 30 days to retain legal representation for J.F. Failure to do so will result in a recommendation that Plaintiff J.F. be dismissed from the action without prejudice.

### E. Amended Complaint

Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND. Plaintiffs will be given an opportunity to amend the deficiencies of the complaint. If Plaintiffs choose to file a first amended complaint, it should contain an explanation of which federal rights or laws were allegedly breached, how those breaches occurred, and set forth facts establishing the basis of Plaintiffs' claims.

Finally, given that Plaintiffs must comply with Federal Rules of Civil Procedure 8(a), twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, if Plaintiffs choose to amend the complaint, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

Plaintiffs are advised that an amended complaint supercedes the original complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999). The

amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rules of the United States District Court, Eastern District of California, Rule 220. Once Plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiffs fail to file an amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

### IV.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' complaint is DISMISSED without prejudice and with leave to amend;
2. All claims raised by Plaintiff on behalf of her co-plaintiff minor child are dismissed;. Plaintiff Indigo Freemanvibe shall have 30 days to retain legal representation for J.F.;
3. Plaintiffs SHALL file an amended complaint within thirty (30) days of the date of service of this order;
4. Failure to file an amended complaint will result in a recommendation that this action be dismissed with prejudice.

IT IS SO ORDERED.

Dated:   **April 3, 2013**                         /s/ **Barbara A. McAuliffe**
                                                         UNITED STATES MAGISTRATE JUDGE