# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIGO FREEMANVIBE, et al., | Case No. 1:12-cv-01727-AWI-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THIS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| VALLEY ARTS AND SCIENCE ACADEMY, et al., | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendants. | |

## I.

## PROCEDURAL HISTORY

Plaintiffs Indigo Freemanvibe and J.F., appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed the complaint on October 19, 2012. (ECF No. 1.) Plaintiff filed a first amended complaint on October 26, 2012. (ECF No. 5.) Plaintiffs' first amended complaint was screened and on April 4, 2013, Magistrate Judge Barbara A. McAuliffe issued an order dismissing the complaint for failure to state a claim, with leave to file a second amended complaint within thirty days. In the order, Plaintiff was advised that failure to file a complaint that complied with the order would result in the action being dismissed, with prejudice. (ECF No. 9.)

On April 11, 2013, this action was reassigned to the undersigned. (ECF No. 10.) On April 12, 2013, an order issued further clarifying the requirements for filing the amended

complaint and requiring Plaintiff to file an amended complaint within thirty days. Plaintiff was advised that failure to file a complaint that complied with the order would result in the action being dismissed. (ECF No. 11.)

Plaintiff filed a second amended complaint on May 13, 2013, and on May 16, 2013, an order issued striking the second amended complaint for failure to comply with the orders of the Court. Plaintiff was granted thirty days in which to file a complaint that complied with the orders issued April 4, 2013, and April 12, 2013, and was advised that failure to file a complaint in compliance with the orders of the Court would result in this action being dismissed. (ECF No. 13.) More than thirty days have passed and Plaintiff has not filed a second amended complaint or otherwise responded to the order issued May 16, 2013. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

## II.

## DISCUSSION

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In the instant action, Plaintiff has been granted more than sixty days in which to file a second amended complaint, with guidance from the Court, and has failed to comply with the Courts' orders. The public interest in expeditious resolution of litigation weighs in favor of dismissal.

This action can proceed no further with the cooperation of Plaintiff, and due to Plaintiff's

failure to comply with the Courts' orders; there is currently no pleading on file on which this action may proceed forward. The Court's need to manage its docket also weighs in favor of dismissal.

A presumption of injury arises from unreasonable delay in prosecuting an action. In re Phenylpropanolamine, 460 F.3d at 1227; Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Due to Plaintiff's failure to prosecute this action, the risk of prejudice to Defendants weighs in favor of dismissal of this action.

Here, Plaintiff's failure to file a second amended complaint in compliance with the Courts' orders has prevented this action from moving forward. While public policy favors deciding cases on their merits, this factor gives little support where the party whose responsibility it is to move the case forward impedes the progress of the action. In re Phenylpropanolamine, 460 F.3d at 1228.

Plaintiff was warned on three separate occasions that her failure to file a second amended complaint in compliance with the Courts' orders would result in this action being dismissed. Estrada v. Speno Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001). A court's warning to a party that her failure to obey the court's order will result in the action being dismissed can satisfy the requirement that the court consider alternative sanctions. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff has been granted an opportunity to correct the deficiencies in the first amended complaint, but has failed to file a second amended complaint that complies with the orders issued by the court, despite being granted two opportunities. Plaintiff has had adequate warning that this action would be dismissed for failure to comply with the Courts' orders.

**III.**

**CONCLUSION AND RECOMMENDATION**

Plaintiff's first amended complaint was dismissed for failure to state a claim. Plaintiff has been granted two opportunities to file a second amended complaint, with guidance from the court, but has failed to file a complaint in compliance with the orders of the Court.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 24, 2013**

UNITED STATES MAGISTRATE JUDGE